**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In Re:** | **CASE NO. 22-59897-PWB** |
| **ALPHARETTA LIFEHOPE LAND SPE, LLC,** | **CHAPTER 11** |
| **Debtor.** | |

**NOTICE OF ASSIGNMENT OF HEARING**

PLEASE TAKE NOTICE that **Alpharetta Lifehope Land SPE, LLC** (the "**Debtor**") has filed a *Motion for Order (A) For Authority to Sell Real Property Free and Clear of Liens, Claims, and Encumbrances, (B) Establishing Bid Procedures Governing Sale of Real Property, and for Related Relief* and related papers with the Court requesting the court approve procedures for the auction of the Debtor's real property.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on Motion at **10:00 AM** on **August 17, 2023** in **Courtroom 1401, U. S. Courthouse 75 Ted Turner Drive, SW Atlanta, GA 30303**, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the Court's ruling on these pleadings. You should read

these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings, or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address for the Clerk's Office is: U.S. Bankruptcy Court, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Room 1340, Atlanta GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Dated: July 5, 2023                                **ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Elizabeth Childers*
William A. Rountree, Ga. Bar No. 616503
Elizabeth A. Childers, Ga. Bar No. 143546
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlkglaw.com
echilders@rlkglaw.com
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In Re:** | **CASE NO. 22-59897-PWB** |
| **ALPHARETTA LIFEHOPE LAND SPE, LLC,** | **CHAPTER 11** |
| **Debtor.** | |

**DEBTOR'S MOTION FOR ORDER (A) FOR AUTHORITY TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (B) ESTABLISHING BID PROCEDURES GOVERNING SALE OF REAL PROPERTY, AND FOR RELATED RELIEF**

The above-captioned debtor and debtor-in-possession (the "**Debtor**") hereby files this Motion for Order (A) For Authority to Sell Real Property Free and Clear of Liens, Claims, and Encumbrances, (B) Establishing Bid Procedures Governing Sale of Real Property, and for Related Relief, (this "**Motion**"), respectfully showing the Court as follows:

### INTRODUCTION

1. By this Motion, the Debtor seeks entry of one or more orders authorizing it to sell the real property that consists of 26.5 acres of vacant land located on Old Milton Parkway in Alpharetta, Georgia (the "**Property**"), and consummate such other related and necessary transactions in connection therewith as are summarized in this Motion with the purchaser approved by the Court, with the Property to be transferred and conveyed free and clear of all liens, claims, and encumbrances with such liens to attach to the proceeds of the sale of the Property.

2. To accomplish the proposed sale, the Debtor requests entry of an order (the "**Procedures Order**"), substantially in the form of Exhibit "A" attached hereto: (a) approving the proposed bid procedures described in this Motion (the "**Bid Procedures**") and scheduling

-3-

the proposed Auction, (b) scheduling a further hearing (the "**Sale Hearing**") to consider approval of the agreement between the Debtor and the bidder who shall have submitted the highest and best offer for the purchase of the Property (the "**Purchaser**"), as determined following the conclusion of the Auction.

3. Furthermore, the Debtor also seeks entry of an order (a) approving an Agreement with any proposed Purchaser, (b) authorizing and approving the sale to any such Purchaser the Property free and clear of all liens, claims, interests, and encumbrances, (c) and waiving the automatic 14-day stay following entry of such order under Bankruptcy Rule 6004(h) and 6006(d) in order to permit the Debtor to consummate immediately the sale of the Property.

4. The Debtor further seeks authorization to take any and all reasonable and necessary steps to complete and implement any approved sale, including, but not limited to, executing and delivering any such documents, agreements, and instruments as may be necessary or advisable to effectuate the terms of any sale approved by the Court.

### JURISDICTION, VENUE, AND APPLICABLE STATUTES AND RULES

5. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b). Venue before this Court is proper pursuant to 28 U.S.C. Sections 1408 and 1409. The statutory predicates for the relief sought herein are Sections 105(a), 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Bankruptcy Rules 2002, 6004, 6006, 9006 and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### BACKGROUND

6. On December 5, 2022 (the "**Petition Date**"), the Debtor commenced this chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. The Debtor has continued in possession of its property and is operating and managing hits business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and a creditors' committee has not been appointed in Chapter 11 Case.

8. Revere Tactical Opportunities REIT, LLC ("**Revere**") is the holder of a loan secured by the first-priority lien on the Property. Revere filed a secured proof of claim in the amount of $10,776,652.00 [Claim 2-1]. Serlyn Properties II, LLC ("**Serlyn**") is the holder of a loan secured by the second-priority lien on the Property. Serlyn filed a secured proof of claim in the amount of $1,352,537.51 [Claim No. 3-1]. Revere and Serlyn will be collectively referred to as the "**Lenders**."

9. Other liens on the Property include the tax claims of Fulton County in the amount of $67,944.98 and the City of Alpharetta in the amount of $29,509.50. The Debtor is not aware of any other liens on the Property.

10. The Debtor scheduled the Property with a value of $17,270,000.00.

11. On March 30, 2023, the Debtor and the Lenders entered into a Consent Order [Doc. 29] (the "**Consent Order**") on Revere's motion for relief from stay that provided that if the Debtor didn't close a refinance that paid the Lenders in full within 90 days of the entry of the Consent Order, that the Debtor would file a motion to initiate the 363 sale process for the Property. The Debtor did not close a refinance and consequently is filing the instant motion.

### RELIEF REQUESTED

12. The Debtor seeks entry of an order (the "**Procedures Order**") approving the proposed sale procedures (the **"Sale Procedures"**), the Bid Procedures, scheduling the proposed auction (the "**Auction**"), and scheduling the Sale Hearing at such time that the Court deems appropriate.

## SALE PROCEDURES

13. The sale of the Property is to be free and clear of any and all liens, claims, interests, and encumbrances, with these to attach to the net proceeds generated from the sale of the Property to the extent valid, perfected, and enforceable. The sale of the Property shall also be subject to entry of an order by this Court finding the proposed transfer to be free and clear of all liens, claims, and encumbrances, and further finding that the Purchaser shall not be deemed to be a successor of the Debtor and shall not have any liability or responsibility for any obligations of the Debtor, other than those expressly contemplated in any sale contract.

14. The Debtor will retain a broker to assist with the marketing and sale of the Property. The Debtor will be filing an application to approve the broker and presenting the listing agreement through the separate employment application.

15. The Debtor proposes the following timeline for the sale process, auction, and hearing on the approval of the sale:

| Deadline for Submission of Bids | *[At least 7 days prior to Sale Hearing]* |
|---|---|
| Auction Sale | *[TBD]* |
| Sale Hearing | *[TBD]* |

## BID PROCEDURES

16. <u>Overview of the Process</u>.  The Debtor and the broker will market the opportunity to purchase the Property. The process contemplates that bidders will conduct their due diligence prior to making bids for the Property on an as is/where is basis, and that the qualified bids will not contain any material due diligence or financing contingencies.

17.　<u>Right to Determine Highest and Best Bid</u>  The Debtor, in consultation with the broker, will have the right to negotiate any offer made for the purchase of the Property and to determine the highest and best offer, subject to Court review and approval.  In evaluating whether a bidder has submitted the highest and best offer, the Debtor may consider, among other things: (i) the purchase price proposed in the offer; (ii) the bidder's financial condition and ability to close; (iii) any proposed contingencies that must be satisfied prior to closing; and (iv) the probability that a prompt closing will occur.

18.　<u>Prequalification</u>.  On or before the date one week prior to the Bid Deadline (defined below), prospective bidders may be required to submit certain information to the Debtor to demonstrate the financial wherewithal to consummate the potential transaction under the terms and conditions of the Sale Procedures.  The Debtor, in consultation with the broker, shall have sole discretion to determine that a bidder is prequalified (a "<u>Prequalified Bidder</u>").

19.　<u>Due Diligence Requests</u>.  Due diligence inquiries from potential bidders will be directed to the Debtor.  Each bidder is solely responsible for conducting its own due diligence and must complete its due diligence prior to the submission of its bid. Qualified Bidders must examine or inspect the Property prior to the sale or waive such right.  **The Property is being sold as is, where is without recourse to, representation by, or warranties by, the Debtor (or anyone else) of any kind or description whatsoever, either express or implied, including, without limitation, any warranties and/or representations of merchantability, fitness for a particular purpose, physical condition, title, possession, quiet enjoyment or the like and with all faults.**  Each Qualified Bidder will acknowledge that it had the opportunity to inspect the Property prior to tendering its bid and will waive any and all claims against the Debtor and its estate with respect thereto.

20. <u>Deadline for Submission of Bids.</u>  The deadline for submitting all bids ("<u>Bid Deadline</u>") will be set in the Sale Procedures Order.

21. <u>Submission of Bids</u>.  All bids will provide that they are subject to the approval of the Court.  A bid to purchase the Property must (i) be in writing, (ii) be submitted electronically, (iii) be submitted only by a Prequalified Bidder, and (iv) include (among other things) (a) a required deposit (a "<u>Deposit</u>") of $100,000, and (b) an executed Purchase and Sale Agreement.

22. <u>Qualification of Bid</u>.  After a Prequalified Bidder has delivered a bid as provided above, the Debtor, in consultation with the broker, will determine whether the Prequalified Bidder (i) has demonstrated the financial capacity to consummate the purchase of the Property, (ii) is reasonably likely to be able to and willing to consummate the proposed transactions, and (iii) has otherwise timely satisfied the requirements described in the prior paragraphs.  If so, the Debtor will designate a Prequalified Bidder as a "<u>Qualified Bidder</u>" and such bid as a "<u>Qualified Bid</u>."

23. <u>Auction</u>.  In the event the Debtor receives two or more Qualified Bids, an auction sale will be conducted as provided in the Sale Procedures Order.

24. <u>Sale Hearing</u>.  Through the Sale Procedures Order, the Court will schedule a hearing (the "<u>Sale Hearing</u>") to consider any objections to the Sale Motion and to approve the sale of the Property to the Prevailing Bidder (as defined in the Sale Procedures Order).

25. The Debtor reserves the right to reject any proposed offer which, in its discretion, is deemed inadequate or insufficient or which is contrary to the best interests of the estate of the Debtor, including but not limited to offers made by an entity for which the Debtor has unresolved questions and concerns about such entity's financial strength and ability to close this transaction.  The Debtor intends to submit any disputes which may arise in connection with the bidding process to the Court for determination on an expedited basis.

**BASIS FOR RELIEF REQUESTED**

A. **The Sale of the Subject Property as Provided in this Motion Constitutes an Exercise of Sound Business Judgment**.

25. Bankruptcy Code § 363(b)(1) provides that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . " 11 U.S.C. § 363(b)(1). As a general rule, so long as a debtor in possession articulates a sound business purpose for doing so, it should be authorized to sell assets outside the ordinary course of business pursuant to Section 363(b)(1). *See GBL Holding Co. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 254 (N.D. Tex. 2005). "Great judicial deference is given to the [debtor-in-possession's] exercise of business judgment." *See id.* (noting that as long as the sale appears to enhance the estate, approval of a sale should be withheld only if the debtor-in-possession's judgment is "clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code. . . .") *quoting Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985); *see also In re Diplomat Const., Inc.*, 481 B.R. 215, 219 (Bankr. N.D. Ga. 2012) (noting that the procedure for "sale is entitled to respect and deference from the Court, so long as the burden of giving sound business reasons is met.").

26. There are ample grounds to support a finding that the Debtor is proposing the sale of the Property pursuant to this Motion in good faith and in a proper exercise of its business judgment. The Debtor had an opportunity to attempt to refinance the loans on the Property. The Debtor's proposed refinance did not proceed, however. The Section 363 Sale Process will expose the Property to the market, and allow a cash sale for a market price. Given the status of this case, the Section 363 Sale Process provides an efficient method to liquidate the Debtor's primary asset, pay secured creditors based on their lien priorities, and generate excess proceeds for the estate.

27. Under these circumstances, the Debtor's sale of the Property constitutes a sound business decision that should be approved by the Court.

B. **The Proposed Sale Procedures Are Fair and Reasonable**.

28. The proposed Sale Procedures for the sale of the Property are appropriate because

they are designed to obtain a fair, market sale under the particular circumstances of a bankruptcy case. *In re Tom's Foods, Inc.*, 05-40683 RFH, 2005 WL 3022022, at *2 (Bankr. M.D. Ga. Sept. 23, 2005)) *quoting 3 Collier on Bankruptcy*, ¶ 363.02[1][f] (15th ed. rev.2005)); *In re Golden Empire Air Rescue, Inc.*, No. BAP EC-07-1086, 2007 WL 7540946, at *7 (B.A.P. 9th Cir. Oct. 25, 2007) (citing to *In re Lahijani*, 325 B.R. at 288-89).

29. The Sale Procedures are designed to allow the Property to be marketed broadly. The Sale Procedures provide a reasonable and prudent framework for competing bids to be solicited and considered. If more than one qualified bid is received, the Sale Procedures allow an auction sale to be conducted in a fair fashion to encourage participation by financially capable bidders. The proposed Sale Procedures are typical of the type of sale procedures often approved by bankruptcy courts for similar sales, and should be approved by the Court in this case.

**C.   The Proposed Sale of the Property Satisfies the Requirements of Section 363(f) for a Sale Free and Clear of Claims, Liens, Encumbrances, and Other Interests.**

30. Section 363(f) of the Bankruptcy Code permits a debtor to sell assets free and clear of all liens, claims, interests, and encumbrances (with any such liens, claims, interests, and encumbrances attaching to the net proceeds of the sale with the same rights and priorities therein as in the sold assets). Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of such interests in property if:

   1)   applicable non-bankruptcy law permits a sale of such property free and clear of such interest;

   2)   such entity consents;

   3)   such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   4)   such interest is in bona fide dispute; or

   5)   such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

31. Because section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the Property "free and clear" of all Liens. *Mich. Emp't Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (stating that Bankruptcy Code section 363(f) is written in the disjunctive; holding that the court may approve the sale "free and clear" provided at least one of the subsections of Bankruptcy Code Section 363(f) is met); *In re Trans World Airlines. Inc.*, No. 01-0056, 2001 WL 1820325, at *3 (Bankr. D. Del. Mar. 27, 2001) ("Bankruptcy courts have long had the authority to authorize the sale of estate assets free and clear even in the absence of § 363(f)."); *Citicorp Homeowners Servs., Inc. v. Elliot*, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988) (stating that Section 363(f) of the Bankruptcy Code is written in the disjunctive; holding that if any of the five conditions of Section 363(f) are met, the trustee has the authority to conduct the sale free and clear of all liens).

32. The Debtor believes that the Lenders will consent to the proposed sale, thereby satisfying section 363(f)(2). Alternatively, the Debtor believes that section 363(f)(3) is satisfied because the interest of the Lenders and the taxing authorities are liens and the price at which the Property is to be sold is greater than the aggregate value of all liens on the Property.

D. **Debtor Requests that the Court Determine That the Prevailing Bidder Is a "Good Faith" Purchaser Under Section 363(m)**.

33. When a bankruptcy court enters an order approving a sale under Section 363(b)(1), the court may make a finding that the purchaser is a "good faith" purchaser under Bankruptcy Code § 363(m). Section 363(m) protects the rights of good faith purchasers at a sale under Section 363. *See C Whale Corp.*, No. 21-20147, 2022 WL 135125, at *3 (5th Cir. Jan. 13, 2022); *In re Gilchrist*, 891 F.2d 559, 560 (5th Cir. 1990) ("Section 363(m) patently protects, from later modification on appeal, an authorized sale where the purchaser acted in good faith and the sale was not stayed pending appeal"). A "good faith purchaser" is not defined by the Bankruptcy Code. In the context

of Section 363(m), the Eleventh Circuit has defined a "good faith purchaser" as follows:

> [W]e have defined a "good faith purchaser" as "one who buys in good faith, that is, free of any fraud or misconduct and for value and without knowledge of any adverse claim." *Miami Ctr. Ltd. P'ship v. Bank of N.Y.*, 838 F.2d 1547, 1554 (11th Cir. 1988). Bankruptcy courts in our Circuit have defined the term in a similar manner. *See, e.g.*, *In re TLFO, LLC*, 572 B.R. 391, 433 (Bankr. S.D. Fla. 2016) (adopting "a traditional equitable definition" of "one who purchases the assets for value, in good faith and without notice of adverse claims").… Accordingly, we will use that well-established definition here.

*In re Stanford*, 17 F.4th 116, 124 (11th Cir. 2021); *see also In re TMT Procurement Corp.*, 764 F.3d 512, 521 (5th Cir. 2014) (conduct that would destroy good faith includes "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of the other bidders.").

34. Movants will request at the Sale Hearing a determination that the Prevailing Bidder is a "good faith" purchaser for purposes of Section 363(m).

### E. **Debtor Requests that the Court waive the stay of Rule 6004.**

35. Rule 6004(h) of the Bankruptcy Rules provides that an "order authorizing the use, sale or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h). The Debtor requests that the order granting the Motion be effective immediately by providing that the 14-day stays applicable under Rule 6004(h) of the Bankruptcy Rules be waived.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court grant this Motion and enter one or more orders providing relief as requested herein and granting such other and further relief as may be just and proper.

Dated: July 5, 2023    Respectfully submitted,

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Elizabeth Childers*
William A. Rountree, Ga. Bar No. 616503
Elizabeth A. Childers, Ga. Bar No. 143546
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlkglaw.com
echilders@rlkglaw.com
*Counsel for Debtor*

**EXHIBIT A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| In Re: | CASE NO. 22-59897-PWB |
|---|---|
| **ALPHARETTA LIFEHOPE LAND SPE, LLC,** | CHAPTER 11 |
| Debtor. | |

**ORDER: (I) AUTHORIZING SALE PROCEDURES; (II) SCHEDULING HEARING ON SALE MOTION AND APPROVING NOTICE THEREOF; AND (III) GRANTING RELATED RELIEF**

This matter is before the Court on the Debtor's *Motion for Order (A) For Authority to Sell Real Property Free and Clear of Liens, Claims, and Encumbrances, (B) Establishing Bid Procedures Governing Sale of Real Property, and for Related Relief* (the "Motion") (Docket

No. \_\_)[1] authorizing (i) a sale of certain real property (the "**Property**") of the Debtor free and clear of all claims, liens, encumbrances, and other interests pursuant to Bankruptcy Code § 363(f) through a sale as described in the Motion, (ii) authorizing bidding and related sale procedures for the sale, (iii) scheduling a sale hearing and approving notice thereof, and (v) granting related relief as detailed in the Sale Motion.

Upon consideration of the Motion, representations of counsel at the Hearing, and all other matters of record; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, her estate, creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, granted in part as provided herein.

2. The Sale Procedures described in the Motion with respect to the sale of the Property shall be, and hereby are, approved. Any objections to the Sale Procedures shall be, and hereby are, overruled.

3. Subject to Court approval of a separate employment application, the Debtor shall be entitled to retain a broker to assist with the marketing and sale of the Property under the terms and conditions of a proposed broker's agreement which will be presented with the employment application.

4. The Deadline to submit bids shall be _____, 2023 at 5:00 p.m. eastern standard time. Bids shall be submitted to the Debtor via the broker.

5. In the event the Debtor receives two or more Qualified Bids, then the Debtor will conduct an Auction with respect to the sale of the Property on _____, **2023, beginning at 10:00 a.m. Eastern**, at the offices of counsel for the Debtor, Rountree Leitman Klein & Geer,

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

LLC, Century Plaza I, 2987 Clairmont Rd., Ste. 350, Atlanta, Georgia 30329, or at such other location as may be designated by the Debtor. Qualified Bidders may appear via zoom and Debtor's counsel will provide instructions to appear via zoom to each Qualified Bidder.

6. The Court shall conduct a hearing (the "<u>Sale Hearing</u>") on the Sale Motion to consider, among other things, the approval of the prevailing bid (or bids) at the Auction.

7. The Sale Hearing shall be held on _____, 2023 at \_\_\_\_ a.m./p.m. in **Courtroom 1401, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia**.

8. Without further order of the Court, the Debtor may: (a) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Sale Procedures, or (iii) contrary to the best interests of the Debtor, its creditors, or its estate; b) waive terms and conditions of the Sale Procedures with respect to all bidders; (c) extend deadlines set forth in the Sale Procedures; and (d) adjourn or cancel the Auction.

9. All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of this Court and to have waived any right to jury trial in connection with any disputes relating to any Qualified Bid, the Auction, the Sale Procedures, and any sale pursuant to the Sale Motion.

10. Notwithstanding any applicability of Bankruptcy Rules 6004 and 6006 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

### **### END OF ORDER ###**

**Prepared and presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Elizabeth Childers*
William A. Rountree, Ga. Bar No. 616503
Elizabeth A. Childers, Ga. Br No. 143546
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlkglaw.com
echilders@rlkglaw.com
*Attorneys for the Debtor*


## Distribution List

William A. Rountree
Benjamin R. Keck
Rountree Leitman & Klein, LLC
Century Plaza I
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329


Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303